

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

August 26, 2020

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Sakellarides v. The Colored Girls, LLC,* 1:20-cv-4708 (LGS)

Dear Judge Schofield:

We represent Plaintiff Eva Sakellarides ("Plaintiff") in the above-captioned case and write in opposition to Defendant The Colored Girls, LLC ("Defendant")'s motion to compel discovery. [Dkt. #24]

As a preliminary matter, Defendant's discovery motion violates Section III.C.3 of the Court's Individual Rules and Procedures because Defendant's counsel failed to contact Plaintiff's counsel via telephone in an effort to resolve the dispute. For that reason alone, Defendant's motion should be DENIED.

With respect to the merits, Plaintiff respectfully avers that he is in full compliance with the Court's order, dated August 12, 2020 [Dkt. #12], as it pertains to discovery. The relevant portion of the Court's Order directs that Plaintiff "shall produce to Defendant records reflecting licensing fees Plaintiff has received for this photograph or similar photographs." On August 25, 2020, at 9:00 p.m., Plaintiff produced the relevant invoices for the Photograph at issue. Attached as Exhibit A is one of the invoices, which includes written terms governing the scope and use of the license (e.g., "[f]or any publication or extra pages spread, usage to be re-negotiated with the photographer").

Defendant's assertion that the invoices do not constitute licensing agreements is simply incorrect. Defendant appears to be elevating form over substance. Under Second Circuit law, the terms of a licensing agreement which govern the use of a photograph may be memorialized through an invoice for payment. *See, e,.g., Crescent Publ'g Grp., Inc. v. Playboy Enterprises, Inc.,* 246 F.3d 142, 144 (2d Cir. 2001) ("The invoice, which provides the terms of the licensing agreement, explicitly provides that 'All Re–Use Or Syndication Must Be Negotiated.'); *see also Wu v. Pearson Educ., Inc.,* 277 F.R.D. 255, 261 (S.D.N.Y. 2011) ("licensing agreements would frequently contain a list of photographs that Pearson was licensing from the same photo bureau on a single invoice. In addition to a list of photographs, the front of



the invoice would typically list certain details regarding the publication, such as its name and author, and then specify a print run, the number of copies of the book that Pearson was licensed to print. On the back of the invoice would typically be listed pre-printed standard terms. When Pearson entered into licensing agreements with individual photographers, the agreements would be of varying degrees of formality"); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.,* 589 F. Supp. 2d 375, 380 (S.D.N.Y. 2008), *order vacated in part on reargument sub nom. Grecco v. Everett Collection*, No. 07 CIV 8171(CM)(JCF), 2009 WL 969928 (S.D.N.Y. Apr. 7, 2009) ("Taken together, the invoices and the corresponding 'Terms and Conditions' in force on the date of the invoice constitute the licensing agreements between Grecco and the studios/networks.").

Here, Plaintiff has produced the documents in her possession that are responsive to the Court's order of August 12, 2020, namely "records reflecting licensing fees Plaintiff has received for this photograph." [Dkt. #12]  Accordingly, Plaintiff respectfully submits that she cannot be compelled to produce documents that she does not have.  *Williams v. Bank Leumi Tr. Co. of New York*, No. 96-cv-6695(LMM-AJP), 1999 WL 375559, at *1 (S.D.N.Y. June 7, 1999) ("the Court cannot compel a party to produce documents that he does not possess").

Based on the foregoing, Plaintiff respectfully submits that Defendant's motion to compel discovery should be DENIED.

Respectfully Submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*

By **September 7, 2020,** Plaintiff shall produce any further documents reflecting licensing fees Plaintiff has received for this photograph or similar photographs.  If no such documents are produced, this will be deemed an admission that no such fees were earned.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 23.

SO ORDERED

Dated: August 31, 2020
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**