**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

EVA SAKELLARIDES,

Plaintiff,

-against-

THE COLORED GIRL, LLC

Defendant.

Docket No.: 1:20-cv-4708 (LGS) (BCM)

**DEFENDANT'S OFFER OF JUDGMENT PURSUANT TO RULE 68**

Pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), Defendant THE COLORED GIRL, LLC ("Defendant" or "TCG"), by and through its undersigned counsel, submits the following offer of judgment ("Rule 68 Offer") to the Plaintiff EVA SAKELLARIDES ("Plaintiff" or "Sakellarides"). TCG files this Offer with the Court via ECF in compliance with the Honorable Judge Lorna G. Schofield's August 12, 2020 Order (ECF No. 12).

1. In December of 2019, TCG authored a two-page blog post on TCG's website paying homage to Elaine Welteroth, an entrepreneur who exemplified TCG's core values. To place the blog post into context, TCG innocently incorporated a photograph of Ms. Welteroth, allegedly taken by the Plaintiff, believing it was permissible to do so. The photograph (a) appeared in one blog post, (b) generated a mere 39 views, and (c) was promptly removed upon Plaintiff's filing of this lawsuit (ECF No. 1). Neither Plaintiff nor Plaintiff's counsel communicated with TCG regarding use of the photograph and the Plaintiff – instead – commenced this action on June 18, 2020.

2. Following initiation of the lawsuit, TCG submitted settlement offers – on July 27, 2020 and on July 30, 2020 – in efforts to resolve this matter fairly, reasonably, and amicably. However, the Plaintiff rejected both offers, countered with an unreasonable settlement demand, and immediately served TCG with extensive discovery requests. Given the limited nature and use of the photograph, the inadvertent nature of the use, and the utter lack of willfulness by TCG, TCG hereby submits its Rule 68 Offer in an effort to resolve this matter without further unnecessary escalation, cost, and use of judicial resources.

3. TCG hereby submits its Rule 68 Offer more than 14 days prior to trial, in compliance with the requirements of Rule 68. TCG's Rule 68 Offer is unconditional and made and intended to *fully and finally* resolve all claims asserted by the Plaintiff against TCG in the above-captioned action *with prejudice*. TCG's Rule 68 Offer is made for the purposes specified in Rule 68 and should not be construed as an admission either that TCG is liable in this action, or that the Plaintiff has suffered any damages.

4. TCG hereby offers to allow entry of judgment to be taken against TCG pursuant to Rule 68 in the total amount of three-thousand dollars ($3,000), inclusive of any and all damages, inclusive of any and all attorney's fees incurred by Plaintiff's counsel, and inclusive of any and all costs and expenses actually incurred by the Plaintiff. For the sake of clarity, TCG's Rule 68 Offer consists of a payment by TCG to the Plaintiff of one-thousand five hundred dollars ($1,500) and a payment of one-thousand five hundred dollars ($1,500) to Plaintiff's counsel. TCG's Rule 68 Offer is fair, reasonable, and *overly generous*, given the damages typically awarded in cases involving similar facts and circumstances as in the present matter, which Plaintiff's counsel should be well-aware of considering that Mr. Leibowitz has filed over 1,280 cases in the Southern District of New York alone since 2017.

5. TCG's Rule 68 Offer consists of *multiples of the entirety of the daily fees* charged by the Plaintiff *for an entire day* of "shooting, editing, & retouching" for Vogue Magazine (ECF No. 23). Plaintiff has indicated, on the record, that – aside from the invoices for fees charged for an entire day of shooting, editing, and retouching – the Plaintiff does not have documents relating to the Plaintiff's typical licensing fee for the photograph at issue or comparable photographs (ECF No. 23). Therefore, TCG's Rule 68 Offer consists of a payment that is *unquestionably higher* than any licensing fee amount charged by the Plaintiff, since the fee Plaintiff charges for an entire day of shooting, editing, and retouching, includes the "licensing fee," as the Plaintiff has acknowledged (ECF No. 26). TCG's offer is also *more than eight (8) times* the most expensive licensing fee charged by Getty Images for comparable photographs.

6. If TCG's Rule 68 Offer is rejected by the Plaintiff and the final judgment that the Plaintiff ultimately obtains, if any, is not more favorable than this offer, then the Plaintiff shall be liable for all costs incurred by TCG, including TCG's attorney fees. It is well-settled, and New York courts have routinely held, that "when a plaintiff in a copyright case recovers less than the defendant's Rule 68 offer of judgment, the plaintiff is required to pay the defendant's post-offer attorney's fees, in addition to other accrued costs." *See Wilson v. D'Apostrophe Design Inc.*, No. 20-CV-0003 (LAP) (KHP), 2020 WL 4883849, at *3 (S.D.N.Y. Aug. 20, 2020).

7. Pursuant to Rule 68, if the Plaintiff does not accept TCG's Rule 68 Offer in writing, within 14 days after service, TCG's offer will be deemed withdrawn or rejected.

Dated: September 1, 2020

SOLER LEGAL LLC

By: /s/ Albert J. Soler
Albert J. Soler (AS1974)

76 E. Euclid Ave., Suite 101
Haddonfield, NJ 08033
Tel: (856) 874-3448
asoler@solerlegal.com

*Attorneys for Defendant*
*The Colored Girl LLC*